UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BILLY JOE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>SAINT JOESPH COUNTY JAIL, et al.,<br><br>Defendants. | CAUSE NO. 3:26-CV-489-JTM-APR |

OPINION AND ORDER

Billy Joe Johnson, a prisoner without a lawyer, filed a complaint. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson alleges that on January 22, 2026, the warden at the Saint Joseph County Jail let staff burn plaintiff all over his body using a "tablet system that is hooked up to some kind of reprogram system that they have going on for making ink for counterfeit currency here[.]" (DE # 1 at 2.) He claims that the jail staff plug inmates into the electrical system, via the tablet communication system, to monitor their organs, reprogram them, and cause them pain. *Id.* at 2-3. He claims that every time the jail's

copy machine is plugged in, his skin breaks out in burns. *Id.* He also claims that the jail has set up an electrical current in the water to further cause electrical shocks to inmates. *Id.* at 4.

Johnson's complaint cannot proceed as written because the allegations in it are not plausible. The court does not need to accept as true allegations that are clearly baseless:

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quotation marks and citations omitted). Thus, a case can be dismissed without a response from the defendants where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). It would be futile for Johnson to persist with claims consistent with those alleged in this complaint. *See Holland v. City of*

*Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile).

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: September 29, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT